MAIN, Justice
(dissenting).
This is the third time many of these parties have been before this Court on issues arising out of the same general factual situation. In the first case, Regions Bank v. Reed, 60 So.3d 868 (Ala.2010), this *326 Court held that the probate court had jurisdiction over the action concerning the trust beneficiaries’ claims against the investment advisor relating to the trusts that were the subject of the final-settlement action but that the circuit court had jurisdiction over the trust beneficiaries’ claims against the corporate trustee and its investment advisor as to those trusts for which the corporate trustee and the investment advisor served as custodian of the assets of the trusts and the agent for an individual trustee, claims that were not the subject of the final-settlement action. In the second case, Ex parte Regions Financial Corp., 67 So.3d 45 (Ala.2010), this Court held that under applicable Maryland law[7] the claims of the shareholders of the investment funds were derivative, and the shareholders’ failure to comply with the requirements of the rule governing shareholder-derivative actions required the dismissal of those claims.
Judge Vance, in his response to the petition for a writ of mandamus, accurately summarized the distinction between Ex parte Regions Financial Corp. and the case presently before us:
“The alleged duties at issue are not duties owed to the RMK funds. The alleged duties involve steering individual customers toward suitable investments based on the customers’ particular desires, risk tolerances, and investment horizons.
“If the RMK funds lack standing to assert the claims at issue, how could such claims be derivative in nature?”
In Ex parte Regions Financial Corp., the defendants acted as the investment advis- or, manager, and parent corporation of the RMK funds. In this matter, Regions is acting as agent and custodian under an agreement with the subject trusts with the responsibility to manage the investments for the subject trusts. The purpose of a mutual fund and of a trust are not the same; therefore, the duty owed by the petitioners in this matter is not the same as the duty owed by Regions in Ex parte Regions Financial Corp. I see the alleged breach of duty in regard to the assets of the subject trusts as an injury to only these particular beneficiaries, and the diminishing value of the stock as only an element in the measure of damages for the breach of the duty owed as agent and custodian. Therefore, I respectfully dissent.

. As the Court noted in Ex parte Regions Financial Corp., "the RMK funds are incorporated in Maryland and ... the determination whether the shareholders’ claims are derivative or direct must accordingly be made in accordance with Maryland law.” 67 So.3d at 49.