MOORE, Judge.
Eliot Hoff and Susan Hoff appeal from a judgment of the Jefferson Circuit Court (“the circuit court”). We affirm in part and reverse in part.

Procedural History

On August 8, 2012, the Hoffs filed in the circuit court a complaint against Anita Goyer, Mary Miller, and Mark Goolsby (hereinafter referred to collectively as “the defendants”), alleging multiple claims “arising] out of a fraud orchestrated by Anita Goyer and Mary Miller, and facilitated by the wanton and negligent conduct of Mark Goolsby and others, which ... resulted in the theft and waste of estate assets.” The Hoffs alleged that they were beneficiaries of the estate of Susan Bibb Kidd, a protected person, that Goyer and Miller had acted as fiduciaries of Kidd,' and that Goolsby had acted as the conservator of Kidd’s estate.[1] The Hoffs sought recovery of certain assets of Kidd’s estate that they alleged had been wrongfully converted by the defendants, the imposition of a constructive trust upon the assets of the estate that they alleged were in the possession of the defendants, an accounting of Goolsby’s actions regarding the assets of Kidd’s estate, and an order compelling Goolsby to recover from third parties certain assets of the estate, with interest. The complaint also included additional claims against Miller — assault and battery and the tort of outrage — that were unrelated to the administration of the assets of the estate.
All three defendants moved to dismiss the Hoffs’ complaint. On October 24, *770 2012, the Hoffs filed a consolidated response to the defendants’ motions to dismiss. On October 29, 2012, the Hoffs filed an additional response in opposition to Miller’s motion to dismiss.
On July 29, 2013, the circuit court dismissed the Hoffs’ complaint against the defendants. The circuit court held that all the Hoffs’ claims, except the assault-and-battery and the tort-of-outrage claims against Miller, were barred by Ala.Code 1975, § 6-5-440, Alabama’s abatement statute, because a petition for final settlement of Kidd’s estate was pending in the Jefferson Probate Court (“the probate court”) at the time the Hoffs filed their action in the circuit court. The circuit court based its dismissal of the assault- and-battery and the tort-of-outrage claims against Miller on the various arguments set forth by Miller, which are discussed below. On August 20, 2013, the Hoffs filed their notice of appeal to this court.

Standard of Review

Although the defendants filed motions to dismiss,
“the trial court had before it materials outside the pleadings, and it did not expressly decline to consider those materials in making its ruling. Therefore, the motion[s] to dismiss [were] converted into ... motion[s] for a summary judgment.
“ ‘When materials outside the pleadings accompany a motion to dismiss, the. trial court is “not bound to limit itself to the pleadings.” Papastefan v. B & L Constr. Co., 356 So.2d 158, 160 (Ala.1978). “[W]here matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment ... regardless of its denomination and treatment by the trial court.” Boles v. Blackstock, 484 So.2d 1077, 1079 (Ala.1986). Indeed, unless the trial court expressly declines to consider the extraneous material, its conclusions may be construed to include the extraneous material. Cf. Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 763 n. 1 (Ala.2002) (trial court’s express refusal to consider extraneous material constituted an exclusion).’ ”
Ex parte Ismail, 78 So.3d 399, 402 n. 1 (Ala.2011) (quoting Phillips v. AmSouth Bank, 833 So.2d 29, 31 (Ala.2002)).
“ ‘ “The standard of review applicable to a summary judgment is the same as the standard for granting the motion. ...” McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992).
“ ‘ “A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
*771 “‘Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994). Questions of law are reviewed de novo. Alabama Republican Party v. McGinley, 893 So.2d 337, 342 (Ala.2004).’ ”
Cobb v. Fisher, 20 So.3d 1253, 1256-57 (Ala.2009) (quoting Pritchett v. ICN Med. Alliance, Inc., 938 So.2d 933, 935 (Ala.2006)).

Discussion

All Claims Except the Assault- and-Battery and Tort-of-Outrage Claims

On appeal, the Hoffs first argue that Regions Bank v. Reed, 60 So.3d 868 (Ala.2010), a case relied on by the circuit court, was improperly decided. We note, however, that Reed was decided by our supreme court. “[T]his court is bound by the decisions of our supreme court. Ala. Code 1975, § 12-3-16. We are not at liberty to overrule or modify those decisions. Thompson v. Wasdin, 655 So.2d 1058 (Ala.Civ.App.1995).” TenEyck v. TenEyck, 885 So.2d 146, 158 (Ala.Civ.App.2003). Therefore, we will not reverse the circuit court’s judgment on this basis.
The Hoffs also argue that the requirements for abatement were not met. Section 6-5-440, Ala.Code 1975, Alabama’s abatement statute, provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
In Reed, supra, certain beneficiaries of a particular trust filed, on November 20, 2008, a complaint in the circuit court against Regions Bank, the trustee of the trust, and the trustee’s investment adviser, seeking damages for alleged wrongdoing in connection with the investment of the trust’s assets. 60 So.3d at 873. The trustee filed a motion to dismiss, asserting that it had filed a petition for final settlement of the trust in the probate court on November 19, 2008, and asserting the affirmative defense of abatement based on § 6-5-440. The circuit court denied the trustee’s motion to dismiss, and the trustee filed a petition for a writ of mandamus with the Alabama Supreme Court, seeking an order directing the circuit court to dismiss the action based on the abatement statute.
In deciding whether the affirmative defense of abatement was applicable to the action at issue in Reed, the supreme court noted that the statutory directive in § 6-5-440 means that ‘“where two or more courts have concurrent jurisdiction, the one which first takes cognizance of a cause has the exclusive right to entertain and exercise such jurisdiction, to the final determination of the action and the enforcement of its judgments or decrees,’ ” 60 So.3d at 884 (quoting Ex parte Burch, 236 Ala. 662, 665, 184 So. 694, 697 (1938)). It also noted that “[a] compulsory counterclaim is an ‘action’ for purposes of § 6-5-440” and that “it does not matter that one court is a probate court and the other is a circuit court.” 60 So.3d at 884-85. The supreme court further stated that, although pursuant to § 19-3B-203(a), Ala. Code 1975, “ ‘[t]he circuit court has éxclu-sive jurisdiction of proceedings in this state brought by a trustee or beneficiary concerning the administration of a trust,’ ” 60 So.3d at 880, § 19-3B-203(b) provides that “the probate courts of Jefferson, Mobile, and Shelby Counties have concurrent jurisdiction with the circuit courts of those counties to hear any proceeding brought by a trustee or beneficiary concerning the *772 administration of a trust,” id., and, thus, the probate court had concurrent jurisdiction with the circuit court over the matters concerning the administration of the trust. The supreme court ultimately determined that the claims brought by the beneficiaries in the circuit court were in the nature of compulsory counterclaims to the settlement action in the probate court “because those claims ‘arfóse] out of the transaction or occurrence that [was] the subject matter of the opposing party’s claim.’ Rule 13(a), Ala. R. Civ. P.,” 60 So.3d at 883, and that, because the petition for final settlement filed by the trustee in the probate court was filed first, the circuit-court action was due to be dismissed pursuant to § 6-5-440. 60 So.3d at 885.
Similarly, in the present case, the petition for final settlement of Kidd’s estate was pending in the probate court at the time the Hoffs filed their action in the circuit court. Pursuant to § 26-2A-31(a) and (b), Ala.Code 1975, the probate court “has jurisdiction over all subject matter relating to estates of protected persons and protection of minors and incapacitated persons ... [and] has full power to make order, judgments, and decrees and take all other action necessary and proper to administer justice in the matters that come before it.” Thus, under § 26-2A-31, the probate court had concurrent jurisdiction with the circuit court over such matters. Further, under the rationale of Reed, the Hoffs’ claims related to the administration of the estate of a protected person and would be compulsory counterclaims to the petition for final settlement of that estate, and “[a] compulsory counterclaim is an ‘action’ for purposes of § 6-5-440.” 60 So.3d at 884-85. Because the petition for final settlement of Kidd’s estate filed in probate court was filed first, the Hoffs’ circuit-court action, like the circuit-court action in Reed, was due to be dismissed as violative of § 6-5-440. 60 So.3d at 885.
The Hoffs also argue that, because a trial by jury is not available in the probate court, the dismissal of their circuit-court action will result in an impingement of their right to a trial by jury. The beneficiaries in Reed made the same argument; the supreme court rejected that argument, stating: “The problem with the [beneficiaries’] argument is that the clear gravamen of their complaint in the circuit court action with regard to their claims against [the trustee] ... involves ‘essentially the administration of a trust, when a trial by jury is not allowed.’ ” 60 So.3d at 881 (quoting Hanks v. Hanks, 281 Ala. 92, 98, 199 So.2d 169, 174 (1967)). Similarly, in the present case, the claims brought by the Hoffs in the circuit court concern the administration of the estate of a protected person, in which a jury trial is not allowed. See, e.g., § 26-2A-35, Ala.Code 1975. Therefore, based on Reed, we find the Hoffs’ argument without merit.

The Assault-and-Battery and Tort>-of-Outrage Claims

With regard to the assault-and-battery and tort-of-outrage claims, Miller argued in her motion to dismiss that the statute of limitations barred those claims. Because the statute of limitations for the tort of outrage is two years, see Archie v. Enterprise Hosp. & Nursing Home, 508 So.2d 693 (Ala.1987), and the Hoffs’ complaint was filed almost six years after the alleged tortious conduct, that claim is barred. The statute of limitations for assault and battery, however, is six years. Therefore, those claims are not barred by the statute of limitations.
Miller also argued in her motion to dismiss that the assault-and-battery claims were due to be dismissed for lack of specificity and because they were part of an *773 impermissible “shotgun” pleading. Rule 8(a), Ala. R. Civ. P., requires that a complaint set forth “(1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks.” The Hoffs’ complaint alleged, among other things:
“150. On or about September 28, 2006, Defendant Miller willfully and deliberately, with intent to harm, kicked [one of the plaintiffs] in the leg causing injury,
“151. On or about September 28, 2006, Defendant Miller willfully and deliberately with intent to harm, kneed [one of the plaintiffs] in the groin, causing injury.”
We conclude that the assault-and-battery claims were set forth with reasonable specificity so as to comply with Rule 8. Although no reported Alabama case directly discusses “shotgun pleadings,” the United States Court of Appeals for the Eleventh Circuit has stated: “We discourage consideration of ‘shotgun’ pleadings where the plaintiff asserts multiple claims of relief in single counts and ‘it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.’ ” Kennedy v. Bell South Telecomms., Inc. (AT & T), 546 Fed.Appx. 817, 820 (11th Cir.2013) (quoting Anderson v. District Bd. of Trs. of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir.1996)). Having reviewed the Hoffs’ complaint, particularly the allegations concerning the assault-and-battery claims, we cannot conclude that the complaint was a shotgun pleading. We therefore conclude that the circuit court erred in dismissing the assault-and-battery claims.
The Hoffs also make various other arguments; however, those arguments either are not relevant to the issues in this appeal in light of our disposition of the issues above, are duplicative of the arguments we have already addressed, or were raised for the first time on appeal. See, e.g., Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”). Therefore, we do not need to discuss those arguments.
. Conclusion
Based on the foregoing, we reverse the circuit court’s judgment to the extent that it dismissed the assault-and-battery claims against Miller. We affirm the judgment of the circuit court in all other respects.
The Hoffs’ motion to strike the brief filed by Goolsby and Miller is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. Kidd was deceased at the time the complaint was filed. Before her death, she had been a protected person. See § 26-2A-20(19), Ala.Code 1975.