Thomas L. Phillips and John David Phillips appeal from a "summary judgment" against them in their action against AmSouth Bank ("AmSouth"). We reverse and remand.
Thomas Phillips and John Phillips, the beneficiaries of a trust created by the will of J.T. Phillips, their grandfather, sued AmSouth. Their complaint alleged, among other things, that AmSouth, as a "quasi trustee and as a trustee in invitum," had breached its fiduciary duties to them as beneficiaries and had engaged in "misrepresentation and fraudulent suppression" in connection with the investment and disposition of the trust assets. The relief requested included compensatory and punitive damages, in addition to a judgment declaring AmSouth a constructive trustee "of all assets wrongfully obtained by [it]" and imposing an "equitable lien on the proceeds derived from any assets wrongfully obtained" from the testamentary trust.
On May 1, 2001, AmSouth filed a motion to dismiss the complaint, on the ground that the claims were barred by the statute of limitations. Accompanying the motion was the affidavit of W. Baker Crowe IV, a senior vice president of AmSouth. On June 14, 2001, the plaintiffs moved in the alternative to strike the affidavit, or, pursuant to Ala.R.Civ.P. 56(f), to afford them a reasonable opportunity to conduct discovery before the court ruled on the motion. More specifically, they stated:
 "36. Plaintiffs have had no opportunity to explore the contents of any of the documents referred to by Mr. Crowe. Plaintiffs have also not been able to conduct any discovery as to possible missing documents, or as to the conclusory allegations made by Mr. Crowe in his affidavit.
 "37. Plaintiffs have also not been able to conduct discovery with respect to other factual matters relating to the underlying claim.
 "38. According to Alabama Rules of Civil Procedure 56(f), this court should deny the Motion for Summary Judgment or order a continuance of the matter to allow Plaintiffs the opportunity to conduct discovery to adequately respond to AmSouth's Motion. Plaintiffs must have an opportunity to present a genuine issue of material fact. Without the opportunity to test the facts alleged in the affidavit of Baker Crowe, and other material issues in the Complaint, Plaintiffs are prevented, at the outset, from having the opportunity to present evidence to justify any issue of fact."
The plaintiffs also submitted, pursuant to Rule 56(f), the affidavit of their attorney, endeavoring "to show why Plaintiffs [could not] present facts essential to [their] opposition to the Defendant's Motion" in the absence of discovery.[1] *Page 31 
The trial court declined to strike the affidavit or to postpone ruling on AmSouth's motion. Instead, five days after the plaintiffs filed their motion, it granted AmSouth's motion to dismiss. The trial court did not state whether it considered Mr. Crowe's affidavit. The plaintiffs filed a motion to "reconsider," in which they reiterated their request to strike the affidavit or afford them time for discovery. After this motion was denied, they appealed.
On appeal, the plaintiffs contend, among other things, that "because the trial court dismissed the case on AmSouth's [ Ala.R.Civ.P.] 12(b)(6) Motion which included a substantive affidavit, [it] committed reversible error by prohibiting discovery regarding AmSouth's factual assertions." Appellants' Brief, at 11-12. We agree with this contention.
Rule 12(b) provides in part:
 "If, on a motion . . . to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."
(Emphasis added.)
When materials outside the pleadings accompany a motion to dismiss, the trial court is "not bound to limit itself to the pleadings." Papastefanv. BL Constr. Co., 356 So.2d 158, 160, (Ala. 1978). "[W]here matters outside the pleadings are considered on a motion to dismiss, the motion is converted into a motion for summary judgment . . . regardless of its denomination and treatment by the trial court." Boles v. Blackstock,484 So.2d 1077, 1079 (Ala. 1986). Indeed, unless the trial courtexpressly declines to consider the extraneous material, its conclusions may be construed to include the extraneous material. Cf. Ex parte LibertyNat'l Life Ins. Co., 825 So.2d 758, 763 n. 1 (Ala. 2002) (trial court's express refusal to consider extraneous material constituted an exclusion).
The text of Rule 12(b) is clear and obligatory — when a motion to dismiss is converted to a motion for a summary judgment, the motion shall be "disposed of as provided in Rule 56[, Ala.R.Civ.P.]," and the nonmovant "shall be given reasonable opportunity to present all material made pertinent to such a motion." (Emphasis added.) Construing Rule 12 and Rule 56 together, this Court has stated: "Together, Rules 12 and 56 require that the nonmovant receive (1) adequate notice that the trial court intends to treat the motion as one for summary judgment and (2) a reasonable opportunity to present material in opposition." Graveman v.Wind Drift Owners' Ass'n, 607 So.2d 199, 202 (Ala. 1992). In considering whether the nonmovant has been afforded a reasonable opportunity to present material in opposition to the motion, the court must consider the purpose of Rule 56(f). "Rule 56(f) protects a party opposing a motion for summary judgment if the party states reasons why he cannot present essential facts." Starks v. Commercial Union Ins. Co., 501 So.2d 1214,1216 (Ala. 1987). "The rule `should be liberally applied to allow parties an ample opportunity to marshal necessary facts to support their respective positions.'" Id. (quoting Central Acceptance *Page 32 Corp. v. Colonial Bank of Alabama, N.A., 439 So.2d 144, 147 (Ala. 1983)).
AmSouth's motion was converted to a summary-judgment motion by the submission of, and the trial court's constructive consideration of, Crowe's affidavit. Indisputably, there has been no discovery. Because the plaintiffs properly challenged the conversion of the motion to dismiss, their motion to strike the affidavit, or, in the alternative, for a postponement of a ruling on the motion was due to be granted. The trial court abused its discretion, therefore, in ruling on AmSouth's motion, only five days after the plaintiffs made their objection.
We hasten to add that we express no opinion as to the merits of AmSouth's motion. However, because the judgment granting that motion was premature, that judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Moore, C.J., and Houston, Lyons, and Johnstone, JJ., concur.
[1] Rule 56(f) states:
 "Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."