8 So.3d 308 (2008)
James McCONICO, Jr.
v.
STATE of Alabama.
2070554.
Court of Civil Appeals of Alabama.
October 31, 2008.
*309 James McConico, Jr., pro se.
Submitted on appellant's brief only.
PER CURIAM.
On March 2, 2007, James McConico, Jr., an inmate at the St. Clair Correctional Facility, filed a complaint in the Jefferson Circuit Court against Prison Health Services, Inc. ("PHS"); Sidney Kaegebein and Angela Harris, who were both allegedly employed as nurses for PHS; and Kenneth Jones, the warden of the W.E. Donaldson Correctional Facility (hereinafter collectively referred to as "the defendants"). In his complaint, McConico alleged that PHS, Kaegebein, and Harris had committed "negligent and unprofessional" acts against him on December 29, 2006, when, while dispensing medication to McConico, Kaegebein and Harris had tried to force him to take a pill after it had fallen on the floor. McConico also alleged that Jones had violated his constitutional rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.
On May 2, 2007, Jones moved to dismiss McConico's complaint. In an affidavit attached to his motion to dismiss, Jones alleged, among other things, that McConico was not an inmate at the W.E. Donaldson Correctional Facility on December 29, 2006, and that McConico had been transferred to the St. Clair Correctional Facility in May 2006. On May 8, 2007, the Jefferson *310 Circuit Court granted Jones's motion to dismiss, but it gave McConico "leave to offer proof by affidavit that he was in fact incarcerated at [the] Donaldson Correctional Facility" on December 29, 2006. On June 26, 2007, the Jefferson Circuit Court, upon further review, entered an order setting aside the May 8, 2007, order of dismissal and transferring the case to the Montgomery Circuit Court (hereinafter "the trial court").[1]
On August 2, 2007, PHS filed a motion to quash service or, in the alternative, a motion to dismiss McConico's claims against PHS. In its motion, PHS averred that neither Kaegebein nor Harris was an employee of PHS and that Kaegebein and Harris had not been properly served with process. PHS also sought the dismissal of McConico's claims to the extent that the claims did not comply with § 6-5-551, Ala. Code 1975, of the Alabama Medical Liability Act.
On October 29, 2007, Jones filed a motion to dismiss or, in the alternative, a motion for a summary judgment in which he argued that he was entitled to immunity from McConico's claims. On October 31, 2007, PHS filed a motion for a summary judgment and an answer to McConico's complaint. In support of its summary-judgment motion, PHS attached the affidavit of Tim Whitaker, a nurse employed by PHS, which Whitaker stated that Kaegebein and Harris were not employed by PHS. On November 7, 2007, the trial court entered an order setting the summary-judgment motions for a hearing to be held on December 3, 2007. The record does not reveal whether the trial court in fact held a hearing on December 3, 2007. On December 6, 2007, McConico filed a motion, pursuant to Rule 56(f), Ala. R. Civ. P., seeking additional time to respond to the summary-judgment motions; as a basis for his motion, McConico asserted that he was waiting on PHS to answer outstanding discovery requests.
On January 2, 2008, the trial court entered an order granting a "motion to dismiss" as to all claims and all defendants.[2] On January 22, 2008, McConico filed a postjudgment motion. The trial court subsequently denied the postjudgment motion, and McConico timely appealed.
McConico raises three issues on appeal: (1) whether the trial court erred by "converting" PHS's motion for a summary judgment to a motion to dismiss in its January 2, 2008, order while outstanding discovery remained pending; (2) whether the trial court erred by entering a summary judgment before he could complete discovery; and (3) whether the trial court erred in entering a summary judgment in favor of PHS.
McConico first contends that the trial court erred when it "converted" PHS's motion for a summary judgment to a motion to dismiss while outstanding discovery remained pending. In support of his argument on appeal, McConico cites Phillips v. AmSouth Bank, 833 So.2d 29 (Ala.2002), in which our supreme court recognized that when a motion to dismiss is converted to a motion for a summary judgment, the nonmovant must be allowed time to conduct discovery. However, McConico's *311 reliance on Phillips is misplaced. In Phillips, the court addressed the conversion of a motion to dismiss to a motion for a summary judgment. In this case, McConico takes issue with the trial court's purported conversion of a summary-judgment motion to a motion to dismiss. Furthermore, in Phillips, unlike this case, the nonmovant properly challenged before the trial court the conversion of the motion to dismiss. 833 So.2d at 32. Our review of the record on appeal reveals that McConico did not argue before the trial court that its conversion of PHS's summary-judgment motion to a motion to dismiss was error. This court may review only those arguments presented to the trial court. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Therefore, we will not address McConico's argument as to this issue on appeal.
McConico takes the position on appeal that the trial court's January 2, 2008, order amounted to a summary judgment in favor of the defendants. PHS filed a motion to dismiss on August 2, 2007, and a summary-judgment motion on October 31, 2007; because PHS submitted evidence in support of its motions, we agree that the motion to dismiss was converted to a summary-judgment motion. See American Trust Corp. v. Champion, 793 So.2d 811, 813 (Ala.Civ.App.2001) ("When a trial court considers matters outside the pleadings in ruling on a defendant's motion to dismiss filed pursuant to Rule 12(b)(6), Ala. R. Civ. P., the motion is converted into a motion for a summary judgment."). McConico argues on appeal that the trial court erred by entering a summary judgment for the defendants before he could complete discovery, in violation of Rule 56(f), Ala. R. Civ. P. Specifically, McConico contends that he had served PHS with discovery requests and that PHS had not responded to those discovery requests at the time PHS moved for a summary judgment. McConico states that the outstanding discovery requests were crucial in demonstrating that Kaegebein and Harris were in fact employees of PHS.
Rule 56(f), Ala. R. Civ. P., states, in pertinent part: "Should it appear from the affidavits of a party opposing the [summary-judgment] motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may deny the motion for summary judgment or may order a continuance to permit ... discovery to be had...." "`"[S]uch an affidavit should state with specificity why the opposing evidence is not presently available and should state, as specifically as possible, what future actions are contemplated to discover and present the opposing evidence."'" Fogarty v. Southworth, 953 So.2d 1225, 1229 (Ala.2006), quoting Scrushy v. Tucker, 955 So.2d 988, 1007 (Ala.2006), quoting in turn the Committee Comments to August 1, 1992, Amendment to Rule 56(c) and (f), Ala. R. Civ. P.
Whether to deny a motion for a summary judgment or to grant a continuance to allow discovery to proceed is a matter that rests within the discretion of the trial court. Fogarty v. Southworth, 953 So.2d at 1229. The pendency of outstanding discovery alone is not sufficient to bar the entry of a summary judgment. Id. If the party opposing the summary-judgment motion can show that the outstanding discovery is crucial to that party's case, then it is error for the trial court to enter a summary judgment before the discovery is completed. Akpan v. Farmers Ins. Exch., Inc., 961 So.2d 865, 875 (Ala.Civ. App.2007). The burden is on the nonmoving party to show that the discovery to be completed is crucial. Id.
*312 In order to meet its burden of proof, a party opposing a summary-judgment motion must do more than merely show that outstanding discovery "may be" crucial to their case.
"A mere `conclusory' affidavit by the party opposing the summary-judgment motion will not support a claim that a summary judgment was improperly granted in light of pending discovery. Stallworth v. AmSouth Bank, 709 So.2d 458, 469 (Ala.1997). In Stallworth, the `conclusory' affidavit `fail[ed] ... to identify what crucial evidence pertaining to his ... claim discovery might disclose.' Id. In Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525 (11th Cir.1983), the United States Court of Appeals for the Eleventh Circuit annunciated a rule regarding the specificity of an affidavit, based on Rule 56(f), Fed.R.Civ.P., which is identical to our Rule 56(f). In Wallace, the Eleventh Circuit stated that the affiant seeking relief under Rule 56(f)
"`"may not simply rely on vague assertions that additional discovery will produce the needed, but unspecified, facts," but rather he must specifically demonstrate "`how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of [material] fact.'"'
"703 F.2d at 527 (quoting SEC v. Spence & Green Chem. Co., 612 F.2d 896, 901 (5th Cir.1980) (quoting in turn Willmar Poultry Co. v. Morton-Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir.1975))). Therefore, to be considered sufficient and not merely `conclusory,' an affidavit in support of a continuance under Rule 56(f) must specifically state what items of outstanding discovery are crucial and why that discovery is essential to aid the nonmoving party in opposing the pending motion for a summary judgment."
Fogarty v. Southworth, 953 So.2d at 1229-30.
The affidavit McConico attached to his Rule 56(f) motion stated, in its entirety:
"My name is James McConico, Jr. I am over the age of twenty-one and state that I cannot respond to [PHS's summary-judgment motion] because they are in sole possession of the contract between them and the Alabama Dept. of Corrections. Without the answer to the discovery request I've serverd [sic] upon them, I cannot `Right of Control' [sic] PHS has reversed [sic] over contract employees.
"I attest further I cannot serve nurses Sidney Kaegebein and Angela Harris because their addresses are in the sole possession of PHS.
"I finally attest that service of PHS was accomplished by certified mail to PHS home office in Brentwood, Tenn."
McConico filed his affidavit in response to a summary-judgment motion filed by PHS. In support of its summary-judgment motion, PHS attached the affidavit of Tim Whitaker, a nurse employed by PHS. In his affidavit, Whitaker states that PHS contracts with the Alabama Department of Corrections to provide medical services to inmates. Whitaker further states in his affidavit that Kaegebein and Harris are not employed by PHS.
In his affidavit, McConico seeks a continuance in order to obtain from PHS the addresses of Kaegebein and Harris, both of whom PHS had already denied were in its employ. McConico speculates that, without PHS's answers to discovery, he will not be able to determine the right of control that PHS has over its employees. However, as noted above, PHS denies that Kaegebein and Harris are its employees. *313 McConico fails to indicate in his affidavit "`"`how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of [material] fact.'"'" Fogarty v. Southworth, 953 So.2d at 1230, quoting Wallace v. Brownell Pontiac-GMC Co., 703 F.2d 525, 527 (11th Cir.1983). Therefore, the trial court did not err when it entered a summary judgment in favor of the defendants before PHS had responded to McConico's outstanding discovery requests.
McConico also contends on appeal that the trial court erred by entering a summary judgment in favor of PHS. McConico does not address in his brief on appeal the propriety of the trial court's judgment in favor of the other defendants. Therefore, any arguments pertaining to the trial court's judgment in favor of the other defendants are waived, and the trial court's judgment in favor of those defendants is affirmed. Chunn v. Whisenant, 877 So.2d 595, 601 (Ala.2003).
We now turn to McConico's claims against PHS. This court reviews a summary judgment de novo. Ex parte Ballew, 771 So.2d 1040 (Ala.2000). A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). "When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact." Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) (quoting Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989)). "Substantial evidence" is "evidence of such a weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
It is undisputed that PHS did not employ Kaegebein and Harris as nurses. In support of its motion for a summary judgment, PHS submitted the affidavit of Tim Whitaker, an employee of PHS, who worked for PHS at the W.E. Donaldson Correctional Facility at the time of the alleged incident involving Kaegebein and Harris. Whitaker stated in his affidavit that Kaegebein and Harris were not PHS employees. The record indicates that McConico's claims against PHS are based solely on the purported negligent actions of Kaegebein and Harris, whom McConico alleged in his complaint were employed as nurses by PHS at the time those negligent acts occurred. PHS made a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. McConico failed to present substantial evidence creating a genuine issue of material fact. Ex parte Alfa Mut. Gen. Ins. Co., supra. Therefore, the trial court did not err by entering a summary judgment in favor of PHS.
The judgment of the trial court in favor of the defendants is due to be affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
*314 MOORE, J., concurs in part and dissents in part, with writing, which THOMAS, J., joins.
MOORE, Judge, concurring in part and dissenting in part.
I concur in that part of the main opinion affirming the summary judgment entered in favor of Kenneth Jones. I respectfully dissent, however, from that part of the main opinion affirming the summary judgment entered in favor of Prison Health Services, Inc. ("PHS"). I believe that James McConico, Jr., met his burden of showing that the outstanding discovery that he had requested from PHS was crucial to his opposition to PHS's motion for a summary judgment; thus, I conclude that the trial court erred by not allowing for the completion of the outstanding discovery before entering the summary judgment in favor of PHS.
THOMAS, J., concurs.
NOTES
[1] The Jefferson Circuit Court cited § 6-3-9, Ala.Code 1975, in its order setting aside the order of dismissal. That Code section provides, in pertinent part, that "[a]ll actions where the prison system or the state on account of the prison system is interested must be commenced in Montgomery County."
[2] Kaegebein and Harris had not been served with process when the trial court entered its January 2, 2008, order.