BRYAN, Justice (dissenting).
I write specially to address the tension in the law concerning when a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss is converted into a summary-judgment motion. The main opinion relies on precedent stating that, when the record is silent as to whether the trial court considered matters submitted outside the pleadings, no conversion occurred. 244 So. 3d at 954 (citing Universal Underwriters Ins. Co. v. Thompson, 776 So.2d 81, 83 (Ala. 2000) ; Stockman v. Echlin, Inc., 604 So.2d 393, 394 (Ala. 1992) ; and Sims v. Lewis, 374 So.2d 298, 302 (Ala. 1979) ). In this case, the trial court gave the parties no notice that it would consider the submitted evidence and treat the motions to dismiss as summary-judgment motions. Thus, the main opinion concludes that, under the above-cited precedent, no conversion occurred and that it is reviewing a ruling on a motion to dismiss.
In resolving this issue, the main opinion deals with a case possibly at tension with the main opinion's resolution, Phillips v. AmSouth Bank, 833 So.2d 29 (Ala. 2002). The Court in Phillips stated that, "unless the trial court expressly declines to consider the extraneous material, its conclusions may be construed to include the extraneous material." Phillips, 833 So.2d at 31. The main opinion deals with Phillips by emphasizing that, if the trial court did not expressly decline to consider the material, a reviewing court "may"-but is not required to-conclude that a conversion occurred. However, since Phillips was decided in 2002, both this Court and the Court of Civil Appeals have decided cases citing Phillips but going further than Phillips regarding the effect of the trial court's silence. For example, in Ex parte Novus Utilities, Inc., 85 So.3d 988, 995 (Ala. 2011), this Court, citing Phillips, stated: "Although Novus styled its motion as a motion to dismiss, the trial court had before it materials outside the pleadings, and it did not expressly decline to consider those materials in making its ruling. Therefore, the motion to dismiss was converted into a motion for a summary judgment."
In Ex parte Novus, the trial court's failure to expressly decline to consider the materials submitted led to the conclusion that a conversion had in fact occurred; this conflicts with the authority relied on in the main opinion, which says that the trial court's silence indicates that no conversion occurred. I read Ex parte Novus as stating that the trial court's failure to *963 expressly decline to consider materials outside the pleadings automatically causes a conversion in the trial court; as a natural consequence, a reviewing court cannot treat the motion any differently after the fact (as one reading of Phillips may suggest). There was no discussion in Ex parte Novus as to whether, relying on Phillips, this Court was exercising discretion to consider the motion as one seeking a summary judgment. Because the parties need to know what type of motion they are dealing with in the trial court, an "automatic" conversion before the trial court makes more sense than allowing a reviewing court to construe the motion as one or the other after the fact.
There are several cases similar to Ex parte Novus indicating that a trial court's failure to expressly decline to consider materials outside the pleadings causes a conversion to occur: Adams v. Tractor & Equip. Co., 180 So.3d 860, 864 (Ala. 2015) ("There is no indication in the record that the circuit court excluded the affidavits attached to the motion to dismiss .... Accordingly, the motion to dismiss had been converted to a motion for a summary judgment."); Ex parte Ismail, 78 So.3d 399, 402 n.1 (Ala. 2011) ("Dr. Ismail styled his motion as a motion to dismiss. However, the trial court had before it materials outside the pleadings, and it did not expressly decline to consider those materials in making its ruling. Therefore, the motion to dismiss was converted into a motion for a summary judgment."); Hoff v. Goyer, 160 So.3d 768, 770 (Ala. Civ. App. 2014) (quoting Ex parte Ismail and Phillips ); Ex parte Vest, 130 So.3d 574, 577-78 (Ala. Civ. App. 2013) ("Because (1) the mother had supported her motions [for dismissal] with the matter outside the pleadings and (2) the Elmore Circuit Court, in ruling on those motions, did not expressly decline to consider the matter outside the pleadings, those motions were automatically converted to motions for a summary judgment."); and Casa Invs. Co. v. Boles, 931 So.2d 53, 57 (Ala. Civ. App. 2005) ("Although the trial court characterizes its ... judgment as one granting a motion to dismiss, because both sides submitted supporting evidentiary materials and the trial court did not expressly exclude consideration of those evidentiary materials the motion is properly treated as one for a summary judgment."); cf. Turner v. Moore, 76 So.3d 842, 845 (Ala. Civ. App. 2011) (concerning whether a motion for a judgment on the pleadings was converted under Rule 12(c) : "We cannot determine from the record whether the trial court considered the exhibits attached to the defendants' motion when it entered the judgment .... For purposes of this opinion, we will assume that the trial court did consider the evidence the defendants submitted in support of their motion; therefore, we will use the standard applicable in reviewing the propriety of a summary judgment.").
The above line of cases indicates that, unless the trial court expressly declines to consider the submitted materials, the motion to dismiss is converted to a summary-judgment motion. That is, a conversion occurs if the trial court simply remains silent about the submitted materials. That proposition conflicts with the precedent relied on in the main opinion, which states that silence by the trial court means that no conversion occurred. Thus, it appears to me that the main opinion has effectively overruled the post- Phillips cases discussed above. However, the parties have not asked us to overrule any of those cases, and I am therefore disinclined to do so. See Moore v. Prudential Residential Servs. Ltd. P'ship, 849 So.2d 914, 926 (Ala. 2002) ("Stare decisis commands, at a minimum, a degree of respect from this Court that makes it disinclined to overrule controlling precedent when it is not invited to do so.").
*964 Thus, I would not hold the Court of Civil Appeals in error for concluding that the motions to dismiss had been converted into summary-judgment motions. In its alternative conclusion, the main opinion concludes that, even assuming such a conversion occurred, a genuine issue of material fact exists, which precludes the entry of a summary judgment. However, I disagree with that conclusion for the reasons stated by Justice Shaw in his dissent. Thus, because I believe the Court of Civil Appeals correctly affirmed the trial court's judgment, I respectfully dissent.[5]

The conflicting precedent outlined above parallels differing views by federal courts construing Rule 12(d), Fed. R. Civ. P., which is substantially similar to the conversion provision in Rule 12(b). See, e.g., Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18-19 (1st Cir. 1992), and cases cited therein. The position reflected in the main opinion appears to be the majority rule. Id.; 73 Am. Jur. 2d Summary Judgment § 19 (2012) ("A motion to dismiss is not automatically transformed into a motion for summary judgment simply because matters outside pleadings are filed with the court. The test is whether the court actually takes cognizance of the supplementary materials. The decision to convert a motion into a motion for summary judgment takes place at the discretion of the court and at the time that the court decides not to exclude the extraneous matters." (footnotes omitted)); and Motion to Dismiss-Conversion to Summary Judgment Motion, 12 No. 7 Fed. Litigator 194 (1997) (noting that the "view that conversion of a Rule 12(b)(6) motion to dismiss into a summary judgment motion does not occur until the district court affirmatively decides not to exclude materials outside the pleadings from its consideration of the motion is the way most courts look at it").